Chief Judge Cooke
(dissenting in part). I respectfully dissent.
The corporate plaintiff claims that defendant bank charged a fee in excess of the amount “necessary to compensate” it for processing checks returned by other banks. Defendant, which has exclusive control of the information that might establish plaintiff’s cause of action, does not itself know what is the cost per transaction for processing returned checks. Defendant should not be permitted to exploit this exclusivity and self-created ignorance to defeat plaintiff’s action (see Parkoff v General Tel. & Electronics Corp., 53 NY2d 412, 417-418). Consequently, summary judgment should not have been granted to defendant on this cause of action.
Although I agree with the majority that plaintiffs’ claim as to the fees assessed for overdrafts should be dismissed, I do so on slightly different grounds. Defendant argues that, because writing overdrafts is not proscribed by statute or common law, such conduct cannot be a breach of contract. Defendant relies on subdivision (1) of section 4-401 of the Uniform Commercial Code as expressly authorizing the payment of overdrafts.
Defendant’s position overstates the import of the statute. Section 4-401 merely expresses a bank’s power to act pursuant to the drawer’s implied promise to reimburse the drawee and pay an item that overdraws the account (see Uniform Commercial Code, § 4-401, comment 1). In establishing a banking relationship, a bank and its customer are empowered, with some restrictions, to vary the provisions of article 4 (Uniform Commercial Code, § 4-103, subd [1]; see, also, Uniform Commercial Code, § 1-102, subd [3]). Conceivably, then, the parties could provide that writing an overdraft is a breach of the contract embodied in the depositor agreement. If the parties also agreed that the breach would be subject to liquidated damages, the penal damages provision of section 1-106 would be applicable.
In the controversy here, the contractual language does not patently establish that overdrafts are breaches of the depositor agreement. No material issue of fact is raised as to the import or nature of the charge for overdrafts, and it *874 was appropriate to grant defendant summary judgment on this cause of action.
Accordingly, the order of the Appellate Division should be modified by reinstating the second cause of action in plaintiffs’ complaint and, as so modified, affirmed.
Judges Jasen, Jones, Wachtler, Meyer and Kaye concur; Chief Judge Cooke dissents in part and votes to modify in an opinion; Judge Simons taking no part.
Order affirmed, with costs, in a memorandum.